## MOSES v. CORNING et al.

### Civ. No. 509–52.

United States District Court
District of Columbia.

May 6, 1952.

E. Lewis Ferrell, Thurman L. Dodson, Washington, D. C., for plaintiff.

Vernon E. West, Corp. Counsel, Oliver Gasch, Asst. Corp. Counsel, and Milton D. Korman, Asst. Corp. Counsel, Washington, D. C., for defendants.

MORRIS, District Judge.

The plaintiff, who resides at 1620 C Street, S. E., Washington, D. C., states that she "resides in far southeast area in a Section roughly bounded by 8th Street on the West—19th Street on the East—East Capitol Street on the North and M Street on the South. That the plaintiff is a duly enrolled and registered student in the public schools of the District of Columbia in Division 2, a division set apart for Negro students and commonly known as the 'colored' division of the aforesaid public school system."

The complaint further shows that, within the area above described, there is only one elementary school in Division 2, which is the Daniel Payne School, housed in an old building of only eight rooms, without auditorium, cafeteria, or multiple purpose facilities, and, because of the overcrowding thereof, the defendants have designated the Webb School, more than nine-tenths of a mile from the Payne School, as the school to which this plaintiff must go, necessitating the crossing of three main arterial highways, and situate many blocks from the plaintiff's house. The complaint further shows that, within the area hereinabove described, there has been established three large modern buildings which house

the Buchanan, Tyler and Bryan Schools, all of which are in Division 1, and which admit as pupils only white children. It is alleged that the plaintiff and those on whose behalf she brings this action are required either to pass by or to go from the three last-mentioned schools in order to attend the Webb School, in which she is enrolled, or to reach the Maury School, another school in Division 2, situate outside of the area hereinabove described, and that, notwithstanding there are vacancies in said three schools in Division 1 above mentioned, she has been refused admission and enrollment therein. The complaint alleges discrimination against the plaintiff and those on whose behalf she brings this action in the respect above stated, and in respect to the difference in the character of building, equipment, size of classes and separation of the lower from the higher grades in the elementary schools, all because of her race and color. Wherefore, she seeks relief from this Court against the defendants by injunctive processes to forbid the segregation now existing in the schools of the District of Columbia.

To this complaint has been filed a motion to dismiss, and in the alternative summary judgment, based upon numerous affidavits and exhibits attached to said motion, to which motion the plaintiff has filed opposition, and all parties have submitted briefs and supplemental memoranda. A hearing was had upon said motion, argument of counsel, affidavits, briefs and memoranda.

■ While the plaintiff is insistent upon her right to challenge the constitutionality of segregation in the school system of the District of Columbia, counsel fully understands and concedes that this Court is controlled by decisions holding that segregation, as such, is not unconstitutional where there is substantial equality of educational opportunities, and no discrimination based upon the race or color of the pupils, and, therefore, that question is not open for further consideration by this Court at this time. Carr v. Corning, Superintendent of Public Schools (Browne Junior High School Parent-Teacher Ass'n v. Magdeburger,) 86 U.S.App.D.C. 173, 182 F.2d 14.

■ The question, therefore, narrows itself to whether or not there is such discrimination on account of race or color against this plaintiff and those on whose behalf she brings this action as to deprive her and them of equal educational opportunities with white children in the District of Columbia. From the affidavits and exhibits submitted and considered by the Court, it is clear that the plaintiff's contention rests upon the particular facilities in what the plaintiff in her complaint terms the "pin pointed" area described in the complaint. Doubtless, any number of "pin pointed" areas could be described wherein the school facilities would show advantages of Division 2 schools over those of Division 1, and vice versa, but such "pin pointed" areas are not by any means natural subdivisions, either of the District of Columbia, or of recognized significance to the authorities charged with the administration of the school system of the District of Columbia. Schools which are housed in eight-room buildings do not have auditorium, multiple purpose rooms and other facilities, which are highly desirable, but are not available until and unless larger buildings are constructed or obtained by addition to existing schools. Eight-room school buildings are by no means limited to Division 2 schools, but are used without respect to whether the schools are in Division 1 or Division 2. No eight-room school building has cafeterias, as do the larger buildings, and this also without respect to whether such buildings are used for schools in Division 1 or Division 2. Pupils attending schools in Division 1, in greater number than pupils in Division 2, are required to go a greater distance from home to school than the plaintiff in the instant case. The division of the elementary school classes so as to teach those in the upper classes in a different school building from those of the kindergarten and lower classes, which is the situation in this case, is no discrimination on account of race or color, but has the sanction of being advantageous in the view of educational authorities. That the school facilities, either in the "pin pointed" area, or for that matter in the entire District of Columbia, are not all that could be

desired goes without question, and neither is it to be doubted that every effort should be made by the appropriating authority and the administrative agencies charged with such responsibility to bring about substantial and speedy improvement in every respect possible, and this without the slightest discrimination on account of the race or color of any person or persons. Indeed, in the "pin pointed" area here in question, appropriation has been made and contract let for an eight-room addition to the Payne School, which will materially and substantially avoid every one of the alleged hardships and inadequacies complained of by the plaintiff. While the hardships and inadequacies referred to in the complaint are matters which should receive the diligent attention and efforts of the appropriate authorities, they are by no means such as to justify the intervention of the Court and the substitution of its judgment in dealing with the highly complicated and specialized business which has been undertaken by the Congress and committed to agencies constituted by it.

As our Court of Appeals, speaking through Judge Prettyman, said in the Carr and related case, supra [86 U.S.App.D.C. 173, 182 F.2d 20],

> "The Board of Education in the District undoubtedly has faced for many years acute problems in housing. The affidavits relating to the last twenty years clearly reflect them. A rapidly growing and rapidly shifting population must create such problems. It must be obvious that new buildings will be better than old ones, and so each neighborhood which gets a new building will suddenly have better school facilities than the older sections. It must also be obvious that all needs in a city growing and changing like Washington cannot be met at one time and that a school building program takes time. The problem pictured by these pleadings is one of meeting temporarily exigencies scheduled for a permanent solution which takes time."

It is not open to question that in the "pin pointed" area described in the complaint, as also the section of the city in which it is located, there has in the very recent past occurred a rapid growth, and shifting of population, which has taxed the resources and ingenuity of the school authorities to the utmost. In the instant case, as in the Carr case, the problem is whether or not the expediencies resorted to fall alike on all children attending the schools of the District of Columbia, or whether there is discrimination in subjecting some of the students to inadequacies and hardships to which others of different color or race are not subjected. There is no adequate basis in the affidavits submitted on this motion to conclude that in like circumstances and conditions the same inadequacies and hardships are not visited throughout the District, and citywise, without discrimination as to race or color. While there are contradictions in the affidavits of the opposite parties as to certain features of the school facilities in the area described in the complaint, it cannot be said that there is any genuine issue of fact as to the critical or dispositive questions of fact here involved.

The motion for summary judgment will be granted. Counsel will prepare and submit an appropriate order carrying this decision into effect.